ACCEPTED
01-15-00304-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
4/6/2015 12:00:00 AM
CHRISTOPHER PRINI
CLERK

No. _____-CV

IN THE COURT OF APPEALS

FOR THE FIRST OR FOURTEENTH DISTRICT OF TEXAS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
4/4/2015 9:26:24 PM
Void .pc
CHRISTOPHER A. PRINE
Clerk

IN RE AMERICAN FISHERIES, INC.

Original Proceeding from the 157th Judicial District Court,
Harris County, Texas
Trial Court Cause Nos. 2013-29749
The Honorable Randy Wilson

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
4/6/2015 12:00:00 AM
CHRISTOPHER A. PRINE
Clerk

## AMERICAN FISHERIES, INC.'S
## EMERGENCY MOTION FOR TEMPORARY RELIEF

Xenos Yuen
State Bar No. 2223250
xy@yuenlawoffice.com [email]
Andrew Gass
State Bar No. 07747800
ag@yuenlawoffice.com [email]
Diane M. Guillerman
State Bar No. 24012740
dmg@yuenlawoffice.com [email]
SIEGEL, YUEN & HONORE, P.L.L.C.
6100 Corporate Drive, Suite 580
Houston, Texas  77036

▪

Telephone:  (713) 541-6256
Fax:          (713) 541-9409

▪

COUNSEL FOR RELATOR,
AMERICAN FISHERIES, INC.

1

TO THE HONORABLE FIRST OR FOURTEENTH COURT OF APPEALS:

Pursuant to Texas Rule of Appellate Procedure 52.10, American Fisheries, Inc., relator, files this Emergency Motion for Temporary Relief to accompany its petition for Writ of Mandamus and in support of this motion would show the court as follows:

1.     On March 23, 2015, the Honorable Randy Wilson entered an oral order striking the deposition of Relator's key witness Feng Shao, who was deposed in Hong Kong, People's Republic of China, without any stated reason as to why such sanction was being imposed.

2.     At this hearing Plaintiff orally requested the Court to reconsider its motion in light of the severity of the sanction. Judge Wilson requested Plaintiff submit a written motion to reconsider his ruling.

3.     Plaintiff complied with the court's request and submitted Plaintiff's Motion to Reconsider Order to Strike Feng Shao's Deposition Testimony; and simultaneously filed a request for an Emergency Hearing on the matter.

4.     Unfortunately, the court did not address Plaintiff's request for the emergency hearing.

5.     Finally, on April 2, 2015, at the Pre-trial Conference, the Court entertained Relator American Fisheries, Inc.'s request to reconsider the court's

2

order striking Feng Shao's deposition testimony and denied Plaintiff's motion by declining to reverse its earlier ruling.

6. We are now on the eve of trial with the underlying case set for trial on Monday, April 6, 2015 at 8:30 a.m.

7. Relator seeks a stay of trial on the merits to allow this appellate court to resolve the issues raised in Relator's petition for writ of mandamus concerning the exclusion of evidence which goes to the heart of Relator's case, effectively denies Relator reasonable opportunity to prosecute the case and defend against counter-claims, and is an imposition of unwarranted death penalty or other severe sanctions against Relator thus making the trial a waste of judicial resources.

## FACTUAL & PROCEDURAL BACKGROUND

8. Feng Shao is a third party defendant, sued by both Plaintiff and Defendants in this case for various causes of actions. Defendant Feng Shao is a citizen of the People's Republic of China and resides in that country. Defendant Feng Shao has already answered in the lawsuit, pro se. Plaintiff, with permission of the trial court and at great expense, arranged and conducted the oral deposition of Feng Shao.

9. Mr. Shao is a former representative of Plaintiff's and his testimony is of paramount importance to Plaintiff's case, particularly to defend against the

3

counterclaims alleged by the Defendants, National Honey Inc., dba National Commodities Company, Jun Yang and his wife, Lin Huang Yang (collectively, "NHI Defendants"). His testimony regarding main issues in the case cannot be obtained through any other witness.

10. Further, NHI Defendants have alleged various civil causes of action, including civil RICO, fraud, and other torts entwined with the criminal conviction of Defendant Jun Yang -- in the severed case, 2013-29749A – and the deposition conducted in Hong Kong was ordered by the Court to cover those issues as well.

11. Plaintiff, after discovering the collusion between Feng Shao and the NHI Defendants as a result of the NHI Defendant's allegations and discovery, then filed claims against Feng Shao for breach of fiduciary duty and other contractual violations, for exceeding his authority, his ultra vires acts, which were not authorized by the Plaintiff before Feng Shao left his position with AFI. Indeed, Feng Shao exceeded his official capacity and committed breach of his fiduciary duties when he formed Linghai (USA) Inc., which he testified was at the behest of and with the assistance of Defendant Lin Yang and, possibly, Jun Yang.

12. By striking Defendant Feng Shao's oral deposition, which is critical to Plaintiff's defense against the NHI Defendants' counterclaims, it is the equivalent of imposing a "death penalty" sanction against Plaintiff (and against Feng Shao),

4

even though it is an interlocutory order, because an appeal is inadequate under the circumstances of this case. By striking the deposition, Plaintiff is left with no testimony to refute the self-serving testimony of Lin Yang and Jun Yang – the only other individuals with direct knowledge of the circumstances regarding Linghai and the NHI Defendants' other allegations. Indeed, even if the jury decides the NHI Defendants' did, in fact, breach the contract (the primary issue in the case), because Feng Shao is implicated in every corner of the counterclaims, the NHI Defendants' need only point to the "empty chair" to avoid paying what they rightly owe to AFI. It is Plaintiff's belief that striking Defendant Feng Shao's testimony is devastating to Plaintiff's defenses to the Defendants' counterclaims.

FOR THESE REASONS, American Fisheries, Inc., relator in this case, respectfully requests this court to grant temporary relief by issuing an order staying the trial of this case until this court resolves the issues raised in relator American Fisheries, Inc.'s petition for writ of mandamus seeking relief from that portion of Respondent's March 24, 2015 Order striking the deposition testimony of Feng Shao, as well as, any other relief to which it may be justly entitled.

Respectfully submitted, this 4th day of April, 2015.

SIEGEL, YUEN & HONORE, P.L.L.C.


By:   */s/ Xenos Yuen*
Xenos Yuen

5

State Bar No. 2223250
xy@yuenlawoffice.com [email]
Andrew Gass
State Bar No. 07747800
ag@yuenlawoffice.com [email]
6100 Corporate Drive, Suite 580
Houston, Texas 77036

COUNSEL FOR PLAINTIFF,
AMERICAN FISHERIES, INC.

## CERTIFICATE OF CONFERENCE

Pursuant to Texas Rule of Appellate Procedure 52.10 (a), this is to certify that on April 3, 2015, counsel for Relator notified counsel for the Defendants in open court of Relator's intent to file this motion.

*/s/ Xenos Yuen* ____
Xenos Yuen

## CERTIFICATE OF COMPLIANCE

This motion contains 831 words, counted consistent with the Rule of Appellate Procedure 9.4(i)(3).

*/s/ Xenos Yuen* ____
Xenos Yuen

**CERTIFICATE OF SERVICE**

Pursuant to Tex. R. Civ. P. 21a, this is to certify that a true and correct copy of the foregoing Emergency Motion for Temporary Relief was served upon counsel for the Defendants, M.H. Cersonsky, Cersonsky, Rosen & García, P.C., 1770 St. James Place, Suite 150, Houston, Texas 77056, on this the 3rd day of April, 2015.

/s/ Xenos Yuen\_\_\_\_
Xenos Yuen